**Robert R. STANTON, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Defendant–Appellee.**

**Docket No. 00–9048.**

United States Court of Appeals, Second Circuit.

May 25, 2001.

James P. Davis, Buffalo, NY, for appellant.

Thomas E. Myers, Bond, Schoeneck & King, LLP, Syracuse, NY; Stephen J. Vollmer, on the brief, for appellee.

Present FEINBERG, OAKES and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Robert R. Stanton ("Stanton") appeals from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) granting defendant-appellee United Postal Service's ("UPS") motion for summary judgment and dismissing Stanton's complaint in its entirety. On appeal, Stanton argues that the district court erred by adopting the findings of the Report and Recommendation (Hugh B. Scott, *Magistrate Judge*) that Stanton had failed to establish a *prima facie* case of racial discrimination or, in the alternative, to show that UPS's proffered non-discriminatory reason for firing him was pretextual.

We review the district court's grant of summary judgment in favor of UPS *de novo. See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 764 (2d Cir.1998). Even when viewing the evidence in the light most favorable to Stanton and drawing all reasonable inferences in his favor, *see id.* at 764–65, we affirm the district court's grant of summary judgment on the ground that Stanton did not present sufficient evidence to show that his discharge was racially motivated. Stanton failed to establish that UPS treated him differently than similarly situated white employees because the record unequivocally shows that the four white employees that UPS rehired had not been discharged for physically assaulting a UPS employee or customer, like Stanton had, and thus were not similarly situated in all material respects. *See Shumway v. United Parcel Serv.*, 118 F.3d 60, 64 (2d Cir.1997). Further, Stanton's contention that a UPS supervisor yelled a racial epithet at him finds no support in the record, as Stanton's counsel conceded at oral argument before the magistrate judge. Finally, Stanton's claim that the magistrate judge and district court impermissibly relied on the decision of the arbitrator in making their findings is meritless.

We have considered Stanton's remaining arguments and find them to be without merit. For the reasons discussed above,

**20**

the judgment of the district court is hereby AFFIRMED.